BELLEVUE SHOPPING CENTER ASSOCIATES

v.

**Roland F. CHASE et al.**

**No. 87–560–M.P.**

Supreme Court of Rhode Island.

March 30, 1989.

Gerald John Petros, Hinckley, Allen, Snyder & Comen, Providence, for plaintiff.

Maria Paiva Weed, Moore, Virgadamo & Lynch, Joseph J. Nicholson, Jr., Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, for defendant.

## OPINION

SHEA, Justice.

This case is before this court on petition for a writ of certiorari. The petitioner, Bellevue Shopping Center Associates, seeks review of a decision by the Newport Zoning Board of Review (the board) denying the petitioner's appeal of a Newport Historic District Commission (the commission) decision. The commission denied the petitioner's application for a certificate of approval to add a new building to the Bellevue Shopping Center.

The Bellevue Shopping Center is located in a historic district in Newport, Rhode Island. Pursuant to chapter 1278 of the Newport zoning ordinance regarding historic area zoning, petitioner sought a certificate of approval from the commission to build a new, 8,358–square–foot, one-story building on the southeast portion of the shopping center. After a hearing, the commission denied petitioner's application. The petitioner appealed that decision to the board, which also conducted hearings. At the close of the hearing and prior to the final vote of the board, each board member commented on the appeal and expressed his or her individual rationale for sustaining or denying the appeal. Finally the board voted four to one to deny the appeal.

We find that the board has not followed our directive to it in *Irish Partnership v. Rommel*, 518 A.2d 356 (R.I.1986), to render a decision containing findings of fact and conclusions of law. The transcript of the hearing indicates that some board members discussed the location of the new building on the shopping center block whereas others emphasized the great historic value of the surrounding area and still another emphasized the great weight that should be given to the decision of the Historic District Commission. In our review of the varying expressions of opinion given by the board, it becomes obvious that a majority of the board did not agree on any one reason for denial of the application.

For these reasons this case must be remanded to the Newport Zoning Board of Review for the preparation of a decision containing findings of fact and conclusions of law. If the board presently consists of the same members who heard this case, it will be able to respond fairly promptly in this matter that was begun in 1982. If there have been any changes in the board membership, the matter will have to be reconsidered by the current board before a proper decision may be rendered.

The petition for a writ of certiorari is therefore granted, the purported decision of the board is quashed, and the papers of the case are remanded to the board with our decision endorsed thereon.

MURRAY, J., did not participate.