BELLEVUE SHOPPING CENTER
ASSOCIATES

v.

Roland CHASE et al.

No. 87–560–M.P.

Supreme Court of Rhode Island.

May 14, 1990.

---

Michael P. DeFanti, Gerald John Petros, Hinckley, Allen, Snyder & Comen, Providence, for petitioner.

Maria Paiva Weed, Moore, Virgadamo & Lynch, Joseph J. Nicholson, Jr., Newport, for respondents.

## OPINION

KELLEHER, Justice.

This controversy is before us for a second time subsequent to an earlier remand to the Newport Zoning Board of Review (the board) in *Bellevue Shopping Center Associates v. Chase*, 556 A.2d 45 (R.I.1989). The petitioner, Bellevue Shopping Center Associates (Bellevue), again challenges the board's denial of Bellevue's appeal from a decision of the Newport Historic District Commission (the commission) denying Bellevue's application for a certificate of approval that would enable it to construct a new building at the Bellevue Shopping Center (the center).

The center is located in an area designated as a historic district in Newport. Bellevue had invoked the provisions of chapter 1278 of the Newport zoning ordinance as it concerns historic-area zoning and sought a certificate of approval from the commission so that Bellevue could erect a new 8,358–square–foot one-story building on the southeast portion of the center. *Bellevue*, 556 A.2d at 46. After a hearing the commission denied petitioner's application. Bellevue then appealed the commission's decision to the board, which then conducted a series of hearings. At the close of the

hearings and prior to the final vote of the board, each board member commented on the appeal and expressed his or her individual rationale for sustaining or denying the appeal. Ultimately the board voted four to one to deny the appeal.

Later this court issued a writ of certiorari, and in it we found that a review of the various opinions expressed by members of the board revealed that a majority of the board had not agreed on any one reason for denial of Bellevue's application. *Bellevue*, 556 A.2d at 46.

We then remanded the case to the board for the preparation of a decision containing findings of fact and conclusions of law. On remand the board reviewed the record from the original hearing, and a majority of the board determined:

"1. All of the experts in this case agreed that the proposed building is being placed in a location surrounded by structures of great historic and/or architectural value;

"2. The Preservation Society is the owner of Kingscote which is in close proximity to the proposed building and one of the surrounding structures of great historic and/or architectural value;

"3. Richard Guy Wilson, an architectural historian holding a bachelor's degree from the University of Colorado, a master's degree and a Ph.D. from the University of Michigan, demonstrated the most familiarity with the Newport area. Specifically, the Board found that Dr. Wilson had more familiarity with the northeast region of the United States;

"4. A majority of the Board finds that the design of the proposed building will seriously impair the historic and/or architectural value of the surrounding area. Therefore, pursuant to section 1270.-04(c)(5) of the Newport Zoning Ordinance the Board need not judge the building's compatibility leniently;

"5. In reliance with his testimony, the Board finds that the proposed structure will have a detrimental effect upon the historic and/or architectural value of the surrounding area;

"6. The Board finds that the applicant has failed to prove that the exterior design, arrangement, texture and material proposed are generally compatible to the surrounding structures;

"7. The exterior architectural features of the proposed structure do not relate to the surrounding structures;

"8. The proposed structure is too long and too low to be compatible with the surrounding structures;

"9. The applicant has failed to demonstrate any economic or other need to compromise the requirements of the ordinance;

"10. The location and focus of the proposed building, oriented toward the interior parking lot and presenting its back toward Jones Street, extends the atmosphere of a suburban shopping center closer to the surrounding historic structures;

"11. The proposed development will bring additional traffic, including delivery trucks, to Jones Street, in close proximity to 'Kingscote' thereby endangering that historic structure."

Bellevue raises three arguments in support of its appeal: (1) the board erred as a matter of law by failing to apply the standard of review set forth in G.L.1956 (1988 Reenactment) § 45–24.1–4; (2) the record does not contain legally competent evidence that reasonably supports the board's decision; (3) the historic-zoning legislation is impermissibly vague and indefinite.

We shall first address whether the board applied the appropriate standard of review in denying Bellevue's application. Cities and towns are authorized to enact ordinances to regulate construction in areas defined as historic districts pursuant to chapter 24.1 of title 45.

The city of Newport enacted an ordinance pursuant to the enabling legislation that was designated as chapter 1278 of the Newport Planning and Zoning Code. The ordinance established historic-area zoning in Newport and created a historic-district commission. Chapter 1278 also authorizes the commission to approve or reject any application to erect a structure or modify

an existing one. Chapter 1278.04(C)(3) sets forth the standard that the historic-district commission is required to utilize in reviewing plans to build in historic districts:

"In reviewing an application and plans, the Commission shall give consideration to:

A. The historic or architectural value or significance of the structure and its relation to the historic value of the surrounding area;

B. The relationship of the exterior architectural features of such structure to the rest of the structure and to the surrounding area; and

C. The general compatibility of exterior design, arrangement, texture and material proposed."

Chapter 1276.04(C)(5) provides in pertinent part:

"It is the intent of this chapter that the Commission be strict in its judgment of plans for structures deemed to be valuable according to studies performed for districts of historic or architectural value. It is also the intent of this chapter that the Commission shall be lenient in its judgment of plans for structures of little historic value or for plans for new construction, except where such plans would seriously impair the historic or architectural value of surrounding structures."

In *Hayes v. Smith*, 92 R.I. 173, 167 A.2d 546 (1961), this court considered a town ordinance almost identical to the Newport ordinance before us. In *Hayes* the historic-district commission rejected a proposed addition to a church that was located in a historic district. The zoning board reversed the decision of the historic-district commission, and this court upheld the zoning board. We observed:

"[T]he intendment of *strict* judgment relates to the issue of compatibility. It does not vest the commission in the first instance, or the board on appeal, with jurisdiction to substitute their conceptions of conforming architectural design for the plans submitted, if the latter are so compatible as to harmonize with the architectural influence of the surrounding areas." *Id.* at 179, 167 A.2d at 549.

 The question before us is whether the zoning board, in reviewing Bellevue's proposal, properly considered the criteria delineated in chapter 1278.04(C)(3) of the Newport Planning and Zoning Code. It is our belief that the board properly applied these considerations. The board specifically determined that the design of the proposed building would seriously impair the historic and/or architectural value of the surrounding area. The board also found that Bellevue failed to prove that the exterior design, arrangement, texture, and material proposed would be generally compatible with the surrounding structures. Additionally the board concluded that the exterior architectural features of the proposed structure did not relate to the surrounding structures.

Furthermore it is undisputed that the area surrounding the shopping center is one of both local and national historic significance. The Preservation Society's Kingscote, the historic Travers Block, the King Buildings, and Newport Casino are all located in close proximity to the shopping center and are listed on the National Register of Historic Places. Even Bellevue's expert conceded that the Bellevue Avenue—Jones Street corner—"is extremely important from both the national and local scale."

 We are of the opinion that the board did not err in its application of the criteria set forth in chapter 1278.04(C)(3) of the Newport Planning and Zoning Code. Chapter 1278(C)(5) instructs the board to "be lenient in its judgment" of plans for new construction unless the plans would "seriously impair the historic or architectural value of the surrounding structures." In this instance the board made a specific finding that Bellevue's proposed project would seriously impair the historic and architectural value of the surrounding area. Consequently the board was justified in employing a strict standard in reviewing Bellevue's proposal.

We next turn to the issue of whether the record contains legally sufficient evidence

to support the board's decision. When reviewing factual findings of a lower tribunal on certiorari, this court has held that an examination of the record is limited to determining whether there is any competent evidence to support the judgment or rulings reviewed. *See Mendonsa v. Corey*, 495 A.2d 257, 260 (R.I.1985). This standard has also been referred to as the "some" or "any" evidence test. *Toohey v. Kilday*, 415 A.2d 732, 735 (R.I.1980).

In its findings that were submitted to us upon remand, the board concluded that the expert who testified for the Preservation Society of Newport, an architectural historian, demonstrated the most familiarity with the Newport area. Consequently the board afforded greater weight to his testimony. Although conflicting testimony was presented at the hearings, the board is vested with discretion to accept or reject the evidence presented. The board's essential function is to weigh the evidence. This court, on the other hand, is restrained from weighing the evidence or substituting our judgment for the board's. Instead, we are compelled to uphold the board's decision if the board's decision is supported by competent evidence. Upon review of this record, we believe that the board relied on legally competent evidence in its denial of Bellevue's proposal.

Finally we come to Bellevue's constitutional challenge to the historic-zoning enabling legislation, chapter 24.1 of title 45. This court has recently stated that one who seeks or has acquired rights before an administrative agency may not, in the same proceeding, attack the validity of the statute that has created the agency. *Easton's Point Ass'n v. Coastal Resources Management Council*, 522 A.2d 199 (R.I.1987); *see also Wellington Hotel Associates v. Miner*, 543 A.2d 656 (R.I.1988). In the instant matter, however, we do not believe that Bellevue waived its right to challenge the validity of the enabling legislation when it applied to the commission for a certificate of approval. Bellevue is entitled to challenge the historical-zoning legislation because it neither applied for nor acquired a substantive right from the commission.

The historical-area-zoning legislation vests a historic-district commission with authority to prevent construction, alteration, or demolition of buildings in a historic district. These powers are essentially zoning powers that have been conferred upon the commission.

Although Bellevue is entitled to challenge the constitutionality of the enabling legislation, this challenge is without merit. This court has consistently held that legislative enactments are presumed to be valid and constitutional. *See Brennan v. Kirby*, 529 A.2d 633, 639 (R.I.1987). It is also well settled that the burden of establishing the unconstitutionality of an enactment rests with the challenging party. An act "must stand as valid, unless we are convinced beyond a reasonable doubt, that it is contrary to a provision which is either expressly set forth in the State constitution or must, beyond a reasonable doubt, be necessarily implied from language expressly set forth therein." *Advisory Opinion to the House of Representatives*, 485 A.2d 550, 552 (R.I.1984)(quoting *Gorham v. Robinson*, 57 R.I. 1, 10, 186 A. 832, 838 (1936)).

In order for a statute to be found to be unconstitutionally vague and therefore violative of the due-process clause of the Fourteenth Amendment to the Constitution of the United States, the statute must fail to alert the public of the statute's scope and meaning. *City of Warwick v. Aptt*, 497 A.2d 721, 723–24 (R.I.1985). It is our opinion that the challenged legislation is not unconstitutionally vague. The Historical Area Zoning Act permits any city or town to designate historic districts and to regulate activities within the district. Section 45–24.1–2. The purposes of the legislation are also explicitly outlined. Section 45–24.1–1. This enabling legislation also delineates specific factors that the historic commission and the zoning board must consider when reviewing an application to construct, to alter, or to demolish a structure located within a historic district. Section 45–24.1–4. Although the board's discretion cannot be entirely eliminated because of the subjective nature of this process, we

believe the standards set forth in the historic-zoning legislation sufficiently alert the public of the statute's scope and meaning. Accordingly we find this enabling legislation does not violate the due-process clause.

For the reasons stated, Bellevue's petition for certiorari is denied and the writ previously issued is hereby quashed. The decision of the board is affirmed and the record in the case is remanded to the board with our decision endorsed thereon.

MURRAY, J., did not participate.