DECISION
Before the Court is an appeal from a September 15, 1994 decision of the Zoning Board of Review of the Town of Barrington (the "Board"), denying Robert Kittell's ("Kittell") application for a dimensional variance and a special use permit. Jurisdiction is pursuant to R.I.G.L. 1956 (1993 Reenactment) § 45-24-69.
Facts/Travel
Kittell owns Assessor's Plat 25, Lot 32 also known as 8 Kyle Street, Barrington, Rhode Island. The property is zoned R-25 which requires a minimum lot size of 25,000 square feet[1] and a thirty (30) foot set-back from the street. In September 1994, Kittell applied to the Board for relief from two provisions of the newly adopted zoning ordinance. Kittell sought relief from § 185-22, which requires a one hundred (100) feet setback from any "wetland, water body or stream," and § 185-20, which requires a thirty (30) foot front yard set back. Therefore, Kittell requested a special use permit because he only had enough land for a forty (40) foot setback from the wetland and a dimensional variance because he only had enough land for a fifteen (15) foot front yard setback.
An advertised hearing was held before the Board on September 15, 1994. After Kittell, his wife, and several neighbors testified, the Board denied the request for both the special use permit and the dimensional variance. The instant appeal followed.
In his appeal Kittell argues that his neighbors on Kyle Street have previously sought relief from the Board to build on their respective lots. Kittell states that in 1987 Mr. Rushton, a developer, owned various lots on Kyle Street. While building two houses on the northern side of the street, the town of Barrington amended its zoning ordinance increasing the minimum lot size on Kyle Street to 25,000 square feet. Consequently, Mr. Rushton applied to the Board for a variance for the lots he owned on the southern side of Kyle Street. The Board granted the requested variances.
In 1989, People's Bank foreclosed on these lots. Kittell purchased his lot from People's Bank at foreclosure. The Baldwins and Shackeltons, two abutters have experienced the same difficulty with the increase in the zoning requirements in Barrington. Both the Baldwins and Shackeltons applied for variances, which were denied by the Board. On appeal, the Superior Court, overturned the Baldwins' denial on the ground that the lots had not merged when owned by People's Bank and thus the foundation which pre-existed on the lot qualified as a pre-existing nonconforming use.[2] Shackeltons' appeal to the Superior Court is still pending.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
Kittell's sole basis for this appeal is that the Board failed to present any scientific evidence to contradict the evidence presented by Kittell and his witnesses. Kittell states " . . . we undoubtedly have a situation where no scientific evidence was submitted that the Kittells' property would adversely affect the flood plain in the neighborhood. The Board unanimously voted to deny Kittell's application stating:
 It was the judgment of the Board that applicant has not satisfactorily demonstrated the following with regard to the proposed use and its location on the site; A) That the public convenience and welfare will be substantially served; B) That it will be in harmony with the general purpose of this ordinance and with the comprehensive community plan; C) That it will not result in or create conditions that will be inimical to the public health, safety, morals and general welfare of the community; and, D) That it will not substantially or permanently injure the appropriate use of the property in the surrounding area or district.
The only evidence before the board demonstrates that the opposite is true." (Kittell brief at pg. 8). To support his argument with respect to scientific evidence Kittell relies on Dolan v. City ofTigard, ___ U.S. ___, 114 S.Ct. 2309 (1994) and Lucas v. SouthCarolina Coastal Council, ___ U.S. ___, 112 S.Ct. 2886 (1992). Both Lucas and Dolan state that a coastal council or town council cannot make conclusions without making findings of fact from the supporting evidence. Kittell claims that this supporting evidence for the Board's ruling is absent from the record. Because he claims this evidence is absent, Kittell states that this Court must, based on the record, reverse the Board and grant the requested variance and special use permit.
A review of the record indicates that the Board had before it ample evidence and testimony which included (1) the testimony of Mr. and Mrs. Kittell; (2) the site review report by the Barrington Conservation Commission recommending disapproval of the application, an engineers report requested by Kittell concerning the effect on the drainage in the area were a home to be built on the property;, (3) a letter from the Coastal Resource Management Council indicating that were a minimum undisturbed vegetated buffer of fifty (50) feet from the coastal bank with an additional building setback of at least ten (10) feet maintained the application would be reviewed administratively; and (4) testimony by the Barrington Planning Board against the application. Because no "expert" appeared and no "expert report" was presented against the application specifically contradicting Kittell's expert, Kittell argues to this Court that his expert must be followed and his application must be granted.
Kittell's burden is to establish that there is no competent legal evidence in the record upon which the disputed findings may rest. In simply pointing to his engineer's report, Kittell ignores the conflicting testimony concerning the history of drainage problems on Kyle Street. In such circumstances, without bringing forth any additional evidence, Kittell has failed to sustain his burden before this Court that the Board failed to weigh the evidence. Fitzgerald v. Board of Review of the City ofNewport, 206 A.2d 635, 638 (R.I. 1965).
With respect to the special exception, Kittell must demonstrate the relief sought is "reasonably necessary for the convenience and welfare of the public." Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980). "To satisfy the prescribed standard, the applicant need show only that `neither the proposed use nor its location on the site would have a detrimental effect upon public health, safety, welfare and morals.'" Id. at 736 (citingHester v. Timothy, 108 R.I. 376, 385-86, 275 A.2d 637, 642 (1971)).
When reviewing factual findings this Court is limited to reviewing the record to determine whether there is competent evidence to support the ruling. See Mendonsa v. Correy,495 A.2d 257, 260 (R.I. 1985). In Coderre v. Zoning Board of Review,251 A.2d 397, the Rhode Island Supreme Court declared that members of a board of review are presumed to have a special knowledge of local conditions and needs. Consequently, when acting upon an application for a variance or exception a board may base its findings upon knowledge it acquired during an inspection of the site. In the case at bar, the Board had the report of the Barrington Conservation Commission and its own knowledge of the area. Although conflicting evidence was presented at the hearing, the Board is vested with the authority to accept or reject the evidence presented. It is the Board's function to weigh evidence. This Court is therefore restricted from weighing evidence and/or substituting its judgment for that of the Board. See BellevueShopping Center Assoc. v. Chase, 574 A.2d 760, 764 (R.I. 1990). Having reviewed the testimony and evidence presented to the Board, this Court is satisfied that the Board did not err in its consideration of the above-stated criteria. In the case at bar, the Board concluded that the proposed home would seriously impair the surrounding area.
Plaintiff next argues that the Board's decision does not contain the necessary findings of fact required. The Board's failure to make a finding separate from those made by the Barrington Conservation Commission is not necessarily fatal. While the Board should have disclosed all the grounds upon which it based its decision, this Court, will review the record "in order to ascertain whether it contains any evidence which would warrant the making of such a finding." Fitzgerald at 638. Upon review of the record, it is evident that the Board relied on legally competent evidence, namely the site review by the Barrington Conservation Commission, to find that the proposed use and site would have a detrimental effect on the public health and therefore the evidence did support the denial of Kittell's application.
After review, this Court finds that the decision of the Board is supported by reliable and probative evidence of the whole record and is not clearly erroneous, and that the plaintiff's have not been thereby prejudiced. For the reasons hereinabove set out, the September 15, 1994 decision by the Zoning Board of Review of the Town of Barrington is affirmed.
Counsel shall prepare the appropriate order for entry.
[1] When the lot was created in 1987, the zoning ordinance required 10,000 square feet.
[2] The Baldwins' application was for deviation from the front yard setback of thirty (30) feet to fifteen (15) feet as well as to place a single-family home on an undersized lot. Wetlands were not an issue.