DECISION
This is an appeal from a decision of the Town of Johnston Zoning Board of Review, which upheld the Planning Board's decision to deny Leonard Pezza, Constance Pezza and Pezza-owned Granite Asphalt's (collectively the "Pezzas") application for the construction and operation of an asphalt plant in the town of Johnston. Jurisdiction in this court is pursuant to R.I. Gen. Laws § 45-24-69.
 Facts/Travel
The Pezzas have sought to construct and operate an asphalt plant in the Town of Johnston for over seven years. The events leading up to the instant matter began in the summer of 1993, when Robert Pezza (Robert), began discussing with his father Leonard Pezza (Leonard), the possibility of buying a parcel of land that Leonard owned so that Robert could build an asphalt batch mixing plant on the property. After discussing such possibilities, an agent of the Pezzas inquired as to the feasibility of an asphalt plant on the proposed site. The Pezzas representative spoke with James Izzo (Izzo), who was the town building official at the time, and was informed by Izzo that the proposed site was zoned for his intended industrial use. The Pezzas were then instructed by Izzo, that before any permit could be granted, they would need to obtain approval of the plans from the Rhode Island Department of Envrionmental Management and the Chief of the Johnston Fire Department, which they did. The single most important event in the travel of this case occurred on November 23, 1994. On that date, a representative of the Pezzas brought a self-prepared site plan and plot plan to Izzo the building official, believing as a result of Izzo's assurances, that he did not have to bring these materials to the Johnston Planning Board for approval. Neither the Pezzas nor their representative made any attempts to deliver a copy of the site plan or any other documents relating to the application to the Johnston Planning Board. On November 28, 1994, the Pezzas agent returned to Izzo's office, whereupon Izzo issued the building permit to him for an asphalt mixing plant at 55 Irons Avenue Plat 34, lot 92-107, 530 and 538.
Thereafter, the Pezzas began construction of the plant. During the construction of the plant several inquires were made as to the lawfulness of the plant. On February 7, 1995, in response to those inquires, Gregory Smolley, the new building official, reviewed the file and investigated the site. Upon investigation he found several discrepancies which prompted him to issue a cease and desist order. Among Smolley's concerns was that no proper site plan existed for the project. Smolley ultimately revoked all building permits the town had issued for the plant.
On April 18, 1995, the town filed a complaint in the Superior Court, seeking a temporary and permanent restraining order to enjoin any further construction of the plant. The town's motion was denied. Thereafter the town moved for permanent injunctive relief. However, on February 19, 1996 a Superior Court judge denied that relief. The town then appealed. On January 21, 1999 the Supreme Court issued a decision on the matter.
The Court in Town of Johnston v. Pezza, 723 A.2d 278 (R.I. 1993) determined that the Pezzas did not comply with Johnston Zoning Ordinance 796 § 9, because they failed to submit their application to the Planning Board for approval. As a result, the Court vacated the Superior Court decision and ruled that the town's building official properly revoked the Pezzas' permit to build an asphalt plant. The Court in Pezza remanded the matter for "such further and supplementary proceedings as may be necessary to secure the defendant's compliance with all applicable town ordinances before [the] plant (or any modified or downsized version thereof) shall be permitted to resume operations."
Pursuant to the Court's ruling, the Pezzas refiled their application on July 1, 1999 with the Johnston Planning Board. On August 5, 1999, a special hearing was held before the Johnston Planning Board. The Planning Board voted unanimously to deny the Pezzas application for an asphalt plant on the grounds that the proposed use was not in compliance with the current zoning ordinance in effect at the time of the re-application. On August 31, 1999, the Pezzas appealed the Board's decision to the Zoning Board of Review. On September 30, 1999, the Zoning Board, sitting as a Board of Appeals from the Planning Board rejected and denied the Pezzas appeal, upholding the Planning Board. The Zoning Board issued a written decision on this matter on October 28, 1999. The Pezzas now appeal that decision.
 Standard of Review
This Court possesses appellate review jurisdiction of the Zoning Board's decision pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69, that states as follows:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
§ 45-24-69(D). The essential function of the Zoning Board is to weigh the evidence presented at the hearing, and it has the discretion to either accept or reject any or all of the evidence. Bellevue Shopping Ctr. Assoc. v. Chase, 574 A.2d 760, 764 (R.I. 1990). This Court must examine and review the entire record to determine whether substantial evidence exists to support the findings of the Zoning Board. Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). Furthermore, this Court may not substitute its judgment for that of the Zoning Board if it can "conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou, 120 R.I. at 507, 388 A.2d at 825.
On appeal the Pezzas argue that their rights vested under the 1994 ordinance when they submitted a substantially complete application to the building official in November 1994. Additionally, to support their position, the Pezzas ask this court to allow them to present additional evidence to determine that their application was substantially complete.
The Pezzas central argument on appeal is that their rights vested under the 1994 zoning ordinance. Under the 1994 ordinance the Pezzas would be allowed to continue to construct and operate an asphalt plant in its current location as opposed to the new ordinance which would prohibit the construction or operation of an asphalt plant. In support of their argument the Pezzas contend that their application was "substantially complete" because they had submitted "all forms and all accompanying documents, exhibits and fees required of an applicant by an approving authority." The critical issue on appeal is whether the Pezzas de facto application in 1994 to the town building official, rather than the Planning Board, constituted a valid application for purposes of vesting. A threshold issue is whether the Pezzas, by filing their application with the town building official, submitted their application to the "appropriate review agency." In determining whether the Pezzas followed this strict procedural requirement it is necessary to review the vesting ordinance in effect at the time of their application.
The original enactment of G.L. 1956 § 45-24-44 "General provision — Creation of Vested Rights" provided:
 "A zoning ordinance shall provide protection for the consideration of applications for development that are substantially complete and have been submitted for approval to the appropriate review agency in the city or town prior to enactment of the new zoning ordinance or amendment." (Emphasis added).
According to § 45-24-44 an applicant must not only submit a substantially complete application but that application must be submitted to the "appropriate review agency". In determining the appropriate review agency during the application process the applicant must refer to the relevant zoning ordinance. At the time the Pezzas filed their application, the relevant ordinance in effect with regard to their application was 796 § 9, "Site Plan Review for Industrial Uses." It stated in pertinent part:
 "Prior to the application for a building permit for any industrial use a site plan for the proposed use or structure shall be submitted to the Planning Board for review." (Emphasis added).
 * * *
It is apparent from the ordinance that the appropriate review agency was the Planning Board. Furthermore, as noted by the Supreme Court in Pezza, the importance of the Planning Board's review of an application is critical in the application process. Our Supreme Court in Pezza explicitly stated that with regard to zoning ordinance 796:
 "A building-permit applicant's compliance with zoning ordinance 796 does not constitute a mere empty formality. The ordinance is laden with substantive site-plan requirements that must be satisfied (and monitored for compliance throughout the construction process) before the industrial-use applicant can even apply for a permit, much less obtain a certificate of occupancy. Thus, this was no mere procedural exercise."
Town of Johnston v. Pezza 723 A.2d 278, 283 (R.I. 1999).
The court went on to say that "such a submission is a condition precedent to the later submittal and potential building permit approval by the town's building official." Id. at 283. As the Court in Pezza elucidated, the Planning Board is an integral part of the application process. The Court noted that even a claim of estoppel by an applicant will not allow an applicant to bypass the procedural requirements of zoning ordinance 796. Id. at 284.
It is unmistakably clear that under 796 § 9 the appropriate review agency was the Planning Board and not the town building official. It is uncontroverted that the Pezzas filed their application with the building official. In recognition of these facts, it is apparent that no rights vested in and with the Pezzas because they failed to submit their application to the Planning Board. Therefore, the Pezzas failed to satisfy the second prong of § 45-44-24 because they failed to submit their application to the appropriate review agency. Thus, their rights did not vest under the ordinance in effect in 1994. Having determined that the application was submitted to an inappropriate review agency the determination of whether the Pezzas application was substantially complete is moot. Also, as a result of the foregoing, the Pezzas request to offer evidence that their application was substantially complete is rendered moot.
The evidence in this matter indicates that the decision of the Zoning Board was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1991 Reenactment) § 45-24-69(D)(5) and (6).
After a review of the entire record, including documents, exhibits, transcripts, and memoranda, this Court finds that the Zoning Board had competent evidence before it to deny the Pezzas application for an asphalt plant. Accordingly, the decision of the Zoning Board hereby is affirmed. Counsel shall submit an appropriate order for entry.