DECISION
Before the Court is an appeal of a decision of the Zoning Board of Review of the City of Newport (Board). Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
On December 23, 1999, the City of Newport's building inspector issued Terri Temple (Temple) a building permit authorizing her to demolish and reconstruct a building located at 67 Memorial Boulevard, Newport, on Tax Assessor's Plat 29, Lot 188.[1] The building was a legally nonconforming retail store in a residential zoning district. On December 29, 1999, Donald and Helene O'Neill (appellants), direct abutters of the property in question, appealed the issuance of the building permit to the Board.
The Board held a public hearing on March 13, 2000. At the hearing the appellants presented testimony and exhibits with the intent of demonstrating that more than one year had passed since the
building in question had been used as a retail establishment, and therefore that the nonconforming retail use had been abandoned. The Board heard testimony from Gregory Fater, who lives near the lot, and both appellants, Mr. And Mrs. O'Neill. Mr. Fater testified that the last time he recalled the building being used as a retail establishment was during the July 4th weekend of 1998. The appellant, Mr. O'Neill, testified that the building's use as a retail establishment ended in September, 1998.
Temple also testified. She stated that she was in the building with a friend in December, 1998, that it was "open for business," and that comic books and video games were being presented as items for sale. Another witness, Yvette Howard, testified that she accompanied Temple to the building in December, 1998, and witnessed a man and a boy inspecting items presented for sale and talking to a man who appeared to be the manager of the establishment. A third witness, an architect named Richard Long, testified that he observed video games, books, and magazines for sale on shelves inside the building in March, 1999.
Based upon the evidence presented before it, the Board denied the appeal on May 22, 2000, and filed a written decision to that effect on June 13, 2000. The appellants filed the present appeal in this Court on July 13, 2000.
 Standard of Review
This Court's appellate jurisdiction of zoning board of review decisions is pursuant to G.L. 1956 § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
(1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of the Board, this Court must examine the entire certified record to determine whether substantial evidence exists to support its findings. Salve Regina College v. Zoning Bd. of Review,594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990).
Moreover, this Court should exercise restraint in substituting its judgment for the Board and is compelled to uphold the Board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 Abandonment of Use
The building that formerly occupied the lot in question was a legally nonconforming retail establishment. The building Temple plans to construct on the lot would also be a retail establishment.
The appellants argue that the nonconforming commercial use of the lot was abandoned, therefore it can no longer be used for commercial purposes.
Section 17.72.020 of the Newport zoning ordinance states, in pertinent part:
 "Abandonment of a nonconforming use shall consist of some overt act, or failure to act . . . An involuntary interruption of nonconforming use, such as by fire and natural catastrophe, does not establish the intent to abandon the nonconforming use, however, if any nonconforming use is halted for a period of one year, the owner of the nonconforming use will be presumed to have abandoned the nonconforming use, unless that presumption is rebutted by the presentation of sufficient evidence of intent not to abandon the use."
The question before the Board was whether the nonconforming use of the property in question had been abandoned. The appellants argue that the prior use had been halted for a period of at least one year, thus creating a presumption of abandonment.
This Court will not disturb findings of fact by the Board if the findings are supported by substantial evidence of record. Here, the Board found that the property in question had been "used as a retail store as recently as March, 1999," although it had been closed during certain temporary periods of time. Furthermore, the Board found that, "When purchased by [Temple] in August, 1999, the store shelving was still in place, and merchandise, including comic books and video games, was still on the shelves." Decision of the Board, page 2. The Board made its findings after hearing the testimony of the witnesses before it and weighing the credibility of those witnesses. Clearly, the Board found that Mr. Long's testimony concerning the store's use in March, 1999, to be credible. There is no evidence of record to suggest that his testimony was not credible and should not have been accepted by the Board.
The Board's finding that the nonconforming use continued until at least March, 1999, and thus was not abandoned at the time the building permit was issued, is not clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, and will not be disturbed by this Court.
 Reconstruction
The appellants also argue that any building that is rebuilt on the property must conform to the dimensional requirements of the zoning ordinance, and if not, the appellee must seek relief from the dimensional requirements.
The appellants cite § 17.72.030(c) of the zoning code, which states, in pertinent part:
 "No nonconforming . . . structure shall be changed except to a conforming use or structure. No nonconforming structure, if once changed to conform, shall thereafter be changed to be nonconforming again."
It is the appellants contention that when the nonconforming structure was torn down it became conforming, because an empty lot conforms with the code.
Section 17.72.030(c) does not apply to the matter at bar. Section 17.72.030(c) prevents an owner from taking a nonconforming structure, changing it so that it conforms to the code, and then changing it back to a nonconforming structure. This Court is not persuaded by the appellants' argument that "there is nothing more conforming than the complete elimination of the building." Appellants' Brief, page 15. The appellants appear to be arguing that the tearing down of the structure makes the lot conform with the restrictions of the code, however, the pertinent part of § 17.72.030(c) clearly refers to structures. The structure itself was not changed to a conforming structure. It was torn down in order to be completely restored to a safe condition.
The Board was persuaded that such a complete overhaul was necessary. On page 3 of its decision, the Board states "the unsafe conditions in the existing building . . . required restoration of the entire building." This finding is supported by the uncontroverted testimony of the appellee's expert witness, and is not clearly erroneous in light of the evidence of record.
Finally, the appellants argue that if this Court upholds the Board's determination that a nonconforming structure may be rebuilt on the premises, the appellee must seek relief from dimensional regulations, because the proposed structure will not comply with the regulations. Section 17.72.030(a) states in part:
 "Nothing in this zoning code shall be deemed to prevent the strengthening or restoring to a safe condition of any structure or part thereof declared to be unsafe by decree of any official charged with protecting the public safety, provided that such work does not increase the nonconformity thereof."
The record reflects that there will be certain dimensional differences between the old building and the new building. The old building was built on a 4" slab, while the foundation of the new building will be 3' deep. Further, the old building was 7'l" tall, including the facade. The new building will be 15' tall, with a facade.
Neither of these increases will increase the nonconformity of the structure.[2] The increase in the depth of the foundation is required by the Building Code of Newport, and must be done in order for the building to be rebuilt properly. As for the height increase, there is no evidence of record demonstrating that the increase in the height of the structure will increase the nonconformity of the structure. If the reason the building in question was nonconforming was because it was taller than the maximum height
permitted by the zoning ordinance, an increase in the height of the building would be an increase in the nonconformity of the building. Here, the previous building was not taller than allowed under the ordinance, and the evidence does not suggest that the height of the new building will exceed the maximum height allowable for the building. Therefore, there is no evidence of record to suggest that the appellee must secure relief from dimensional requirements in order to rebuild on the property in question.
After review of the entire record, this Court finds that the decision by the Board to deny the appellants' appeal of the issuing of the building permit is supported by substantial evidence in the record and was not arbitrary and capricious. The court further finds that substantial rights of the appellants have not been prejudiced.
Counsel shall submit the appropriate order for entry.
[1] Apparently, demolition began prior to December 23, 1999, pursuant to an earlier demolition permit issued by the building inspector.
[2] It should be noted, however, that the appellee's argument that § 17.72.030(a) applies to increases in the nonconformity of the use of a structure rather than the dimensions of the structure is misplaced. Section 17.72.030(a)'s reference to nonconforming structures clearly refers to the dimensions of a structure.