251 A.2d 167.

SUN OIL COMPANY *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

MARCH 10, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Warwick denying the petitioners' application for an exception or variance to permit them to erect and operate a gasoline service station and to vary side and rear yard restrictions.

The petitioners are Margaret M. and John E. O'Malley and Sun Oil Company. They own adjoining parcels of real estate on the northerly side of West Shore Road in Warwick. The O'Malleys' parcel is located in a light industrial zone and the Sun Oil parcel in a general business zone. A gasoline service station is not a permitted use in the former zone and is authorized in any portion of the latter which has been designated an automotive business district. Apparently the area in which the Sun Oil parcel is located has not been so designated and the gasoline service station presently located thereon is a nonconforming use. The petitioners, if they are granted the relief they seek, propose to raze the existing gasoline station as well as the dwelling located on the O'Malley land and to replace them with a modern three-bay masonry filling station and accessory service facility.

Although neither the application nor the record discloses the precise extent of the variation from the area restrictions which petitioners seek, the board in its brief suggests that they are asking that the rear and side yard setback requirements of 50 and 45 feet respectively be relaxed to three feet. The petitioners did not disagree with that suggestion, and we assume, therefore, that it accurately states their request.

On the foregoing, and after hearing evidence favorable to the application from both a Sun Oil Company representative, and a real estate expert, as well as evidence in opposition from several remonstrants, the board reserved decision. Thereafter, without reaching the question of

whether entitlement to either a variance or exception from the use restriction had been established, the board in a written decision denied relief substantially on the ground that "* * * enough square footage [is] contained in this property for the petitioners to relocate the building on the site so that setbacks are more reasonable." Because we agree that petitioners failed to make out a case justifying a variation of the setback restrictions, although not necessarily for the reason given by the board, we review only that determination and refrain from any consideration of whether or not petitioners are entitled to relief from the ordinance provisions pertaining to the use of the premises.

Relief from regulations with respect to restrictions having to do with side and rear yard lines, height limitations, and lot coverage — as distinguished from those relating to the use of premises — may be granted in this jurisdiction in an appropriate case, either as a deviation under the rule first enunciated in *Viti* v. *Zoning Board of Review*, 92 R. I. 59, 166 A.2d 211, or as an exception where the zoning ordinance permits, or as a variance under the enabling legislation. We are not concerned here, however, with the authority to grant such relief by variance inasmuch as petitioners did not proceed on that basis before the board. We discuss, therefore, only the deviation and the exception questions.

Under the *Viti* rule, as it has developed, a landowner, precluded from the full enjoyment of the use of his property for *permitted* purposes by an insistence upon a literal enforcement of area restrictions, is entitled to relief upon a showing that the adverse effect of such enforcement will amount to something more than a mere inconvenience. Application of the *Viti* rule, however, has been specifically limited to situations where by reason of a literal enforcement of area restrictions a landowner is deprived of the opportunity to devote his property to a use otherwise *per-*

*mitted* under the zoning ordinance, *Sprague-Covington Co.* v. *Zoning Board of Review,* 102 R. I. 317, 230 A.2d 419; it has never been applied as the controlling yardstick where the property owner is seeking both a relaxation of the area restrictions as well as a variance or an exception for a *nonpermitted* use. *Goelet* v. *Board of Review,* 99 R. I. 23, 205 A.2d 135; *Health Havens, Inc.* v. *Zoning Board of Review,* 101 R. I. 258, 221 A.2d 794. To extend the *Viti* rule to a case like this where the state legislature has fixed undue hardship as the primary test for the grant of a variance, and where the local legislature has established convenience and welfare of the public as the principal guideline for permitting an exception would be tantamount to saying that those legislative pronouncements shall have one meaning when the question is entitlement to a use exception or variance and another meaning when it is entitlement to an exception or variance from area restrictions. Inasmuch as the legislative bodies have each fixed but a single standard, we are without authority to do otherwise.[1]

Relief from the setback requirements, then, could have been granted in this case only as an exception and not as a *Viti* type deviation. Looking at the application in that frame of reference the board's authority to act affirmatively was circumscribed by the rules and standards fixed by the local legislature. *Melucci* v. *Zoning Board of Review,* 101 R. I. 649, 226 A.2d 416; *Thomson Methodist Church* v. *Zoning Board of Review,* 99 R. I. 675, 210 A.2d 138; *Fitzgerald* v. *Board of Review,* 99 R. I. 221, 206 A.2d 635. The

---

[1]Even were the *Viti* rule pertinent in this case, petitioners could not prevail unless they could show that the board erred in finding that the setbacks proposed were unreasonable. This is so because the *Viti* rule, as construed in *Standish-Johnson Co.* v. *Zoning Board of Review,* 103 R. I. 487, 238 A.2d 754, imposed upon an applicant the burden of establishing that the relief he seeks, "* * * is minimal to a reasonable enjoyment of the pemitted use to which the property is proposed to be devoted." *Id.* at 492, 238 A.2d at 757.

broad guidelines established by the Warwick legislature appear in §14.2.3 of the zoning ordinance which provides that in an appropriate case and subject to appropriate safeguards and conditions the board may make a special exception to the terms of the ordinance where the same is reasonably necessary for the convenience and welfare of the public. To meet that requirement there must be competent evidence showing that the location of the use proposed at the site selected will not be detrimental to the public health, safety, welfare and morals. *Nani* v. *Zoning Board of Review,* 104 R. I. 150, 242 A.2d 403. That requirement applies no less to area than it does to use restrictions, and to satisfy it in this case, petitioners were burdened with establishing that the placement of the proposed gasoline station only three feet, rather than 45 or 50 feet, from the neighboring property lines would not result in conditions which would be inimical to the public health, safety, morals and welfare. This they failed to do on the record before us which contains no evidence whatsoever on what effect a relaxation of the setback requirements would have on the public's convenience and welfare. That failure was fatal to their application, and the board would have exceeded its jurisdiction had it granted them relief.

The petition for certiorari is denied and dismissed, and the writ heretofore issued is quashed.

*Charles J. Rogers, Jr., Louis A. Petrarca, Jr.,* for petitioners.

*Howard R. Haronian,* City Solicitor, *Robert C. Hogan,* Assistant City Solicitor, for respondent.