[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on appeal by Ciela Fuller and James Johnston (hereinafter the "Plaintiffs") pursuant to R.I.G.L. 1956 § 45-24-20 (1988 Reenactment). The plaintiffs now appeal a decision of the Town of Coventry Zoning Board of Review (hereinafter the "Board") denying plaintiff's application for a variance or special exception from the zoning ordinance. In their application, plaintiffs had sought relief from setback restrictions.
FACTS AND TRAVEL
Plaintiffs' lots — 189 and 190, Assessor's Plat 33, Coventry — are zoned `R-20' (Residential). Coventry Zoning Ordinance § 620 requires that R-20 lots contain an area of 20,000 square feet and minimum setback at the street line of 35 feet before a residence may be constructed.
Prior to October 4, 1989 the plaintiffs filed an "Application for a Variance or Special Exception" under the zoning ordinance for permission to construct a 26' x 40' single family dwelling with less than required setback from the front lot line. More specifically, the plaintiffs sought relief from the front yard setback requirement of 35' down to 18'. On or about October 4, 1989 the Board held a public hearing on plaintiffs' application. The record does not reflect that other relief was either sought or required under the local ordinance. On behalf of the plaintiffs, a Mr. Robert Mellon testified that due to the proximity to Johnson's Pond and the location of the well and septic system, the house could be located only where proposed. Mr. Mellon testified further that the proposed dwelling would be 54' feet from the water meeting the 50' requirement from the mean-high line and that all other setback requirements would be met. The record does not reflect that Mr. Mellon is an expert in any area. No plans were submitted in support of the application. In opposition, two abutting property owners voiced concerns about poor drainage in the area.
On November 20, 1989, the Board filed its decision denying plaintiffs' application for setback relief. In its decision, the Board characterized the relief sought as being that of a variance. The Board, however, applied the standard of proof recognized in this jurisdiction as that appropriate for exceptions or special exceptions. The Board found that:
 (1) Granting of the petition would permanently or substantially injure the appropriate use of the properties in the surrounding area, and
 (2) Granting of the petition would be inimical to the health, safety, morals, and welfare of the community.
It is from that decision plaintiffs now present this appeal. Plaintiffs allege that the Board's decision was in contravention of governing law and did not take into consideration the facts and evidence produced at the hearing on plaintiffs' petition.
This Court's standard of review when considering an appeal from a zoning board's decision is bound by the strictures of R.I.G.L. 45-24-20(d).
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Plaintiffs claim that their `substantial rights' have been violated for all of the reasons enumerated in § 45-24-20(d).
Before reviewing the Board's decision, it is necessary to determine the appropriate standard of proof that plaintiffs must meet. This standard will vary depending upon the characterization of the relief sought, i.e., either a variance, a deviation, or an exception. In Gara Realty v. Zoning Board of Review of SouthKingston, 523 A.2d 855 at 857-858 (1987), the Rhode Island Supreme Court discussed the three types of relief from zoning provisions and their accompanying standards of proof as follows;
 "When a landowner seeks to use the land for a purpose not ordinarily permitted, a variance must first be obtained. To obtain a variance, one must satisfy the `unnecessary hardship' standard of G.L. 1956 (1980 Reenactment) 45-24-19(c), which requires `a showing of deprivation of all beneficial use of property. . . .' Rozes v. Smith, 120 R.I. 515, 388 A.2d 816, 819 (1978). `This standard is to be applied only to "true variances" or those situations in which the proposed use of the property varies from any of the uses permitted under the ordinance.' Id.
 A deviation defines the type of relief available from restrictions governing a permitted use, such as area or setback restrictions. DeStefano, 122 R.I. 241, 246, 405 A.2d 1167 at 1170 (1979). To obtain relief, one `need only demonstrate an adverse impact amounting to more than a mere inconvenience.' Id. This standard was first enunciated in Viti v. Zoning Board of Review of Providence, 92 R.I. 59, 166 A.2d 211 (1960), and is known as the Viti doctrine.
 An exception is similar to a deviation in that it pertains to requested relaxation of area and setback requirements for a permitted use. In order to obtain an exception, one `need show only that neither the proposed use nor its location on the site would have a detrimental effect upon public health, safety, welfare and morals.' Toohey v. Kilday, 415 A.2d 732, 736 (R.I. 1980) (quoting Hester v. Timothy, 108 R.I. 376, 385-86, 275 A.2d 637, 641-42 (1971)." (Emphasis in original)
This Court notes, however, that while an "exception" as defined in Gara is a permitted use, it is a conditionally permitted use specifically contemplated by a zoning ordinance and is a use that may exist only under the explicit language and terms of an identifiable section of the ordinance which section defines the nature and parameters of the excepted use. Sun OilCompany v. Zoning Board of Review of the City of Warwick,105 R.I. 231 (1969). The conditional use permitted by the terms of the exception, or "special exception" as nomenclature often has it, is generally predicated upon compliance with related dimensional or other restrictions. While the specially excepted use may be "permitted" in that it is, through the terms of an exception, contemplated by the ordinance, it is not considered to be a permitted use for purposes of determining which standard must be applied where the dimensional relief sought is in addition to or is not within the specific terms of the exception as set forth in the ordinance. Viti v. Zoning Board of Review ofProvidence, 92 R.I. 59, 166 A.2d 211 (1960). V.S.H. Realty,Inc. v. Zoning Board of Review, 120 R.I. 785, 390 A.2d 378
(1978). Sun Oil, supra.
Thus, where the applicant seeks dimensional relief in addition to or in derogation of the dimensional or other conditions imposed by the local ordinance upon a use permitted by exception that relief, though it may be dimensional in nature, no longer falls within the Viti doctrine and instead the standard is that as is for a true or use variance. [Viti supra, Sun,supra, V.S.H., supra.] The Viti doctrine applies to permitted uses only and not to uses which are permitted conditionally through the terms of an exception. Once having received the benefit of the grant of an exception, then relief from the conditions of that use, as imposed by the local ordinance, can only be had upon meeting the standard of "hardship".
The Viti doctrine, then, does not apply where the ordinance provides an exception for the relief sought since the Viti
doctrine was never intended to operate where the requested relief can be obtained through the local ordinance. DeStefano v. ZoningBoard of Review, 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979). An exception is relief which can be obtained through an ordinance since it is, by definition, a use contemplated by the ordinance but subject to certain ordinance mandated conditions.
Thus, in the case at bar, if the Coventry Zoning Ordinance empowered the board to grant relief from set-back requirements through an exception, the Viti doctrine would be inapplicable. It would be inapplicable both as the standard for proving an exception as well as the standard for granting dimensional relief where a conditionally permitted use exists by the grant of an exception. A careful review of the Coventry Zoning Ordinance, however, reveals no identifiable exception within which the relief applicants seek will fall. The Board therefore erred in applying the standard as is required for an exception. The use to which applicants represent they would put the property is a true permitted use and not a conditionally permitted use. The relief sought by the plaintiffs was merely dimensional in nature, that is, a deviation and not a variance. Nor, as has been discussed earlier, was the relief sought pursuant to an exception.
Finally, it is well settled that the function of a reviewing court in appeals such as these is to determine whether, after examination of the record as a whole, the findings of the Board are supported by legally competent and substantial evidence.Caswell v. George Sherman Sand Gravel Co., Inc., 424 A.2d 646
(R.I. 1981). Where, however, the Board fails to state sufficient findings of fact, the reviewing tribunal will not search the record for supporting evidence or decide for itself what is proper under the circumstances. Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986). Our Supreme Court has, on a number of occasions, insisted that "a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken." Rommel, supra;see, Bellevue Shopping Center Associates v. Chase,556 A.2d 45, (R.I. 1989); see, May-Day Realty Corp. v. Board of Appealsof the City of Pawtucket, 107 R.I. 235, 239, 267 A.2d 400, 403 (1970). ("Those findings must of course, be factual rather than conclusional, and the application of legal principles must be something more than a recital of litany. These are minimal requirements. Unless they are satisfied a judicial review of the board's work is impossible."). To the extent that the members of the Board may have inspected or observed a subject property, such results constitute legally competent evidence upon a finding may rest only if the record discloses the nature and character of the observations upon which the Board acted. Perron v. Zoning Boardof Review, 117 R.I. 571, 369 A.2d 638 (1977).
There is no evidence in the record which discloses the nature and character of the Board's observations. Nor does the record disclose the nature and character of the Board's observations while on inspection of the property.
The Board's written decision dated March 4, 1988 states in pertinent part:
 After viewing the premises and reviewing the testimony, the Zoning Board of Review found:
 1. That the granting of the petition would permanently or substantially injure the appropriate use of the properties in the surrounding area; and,
 2. That the granting of the petition would be inimical to the health, safety, morals, and welfare of the community.
Accordingly, given that the Board failed to state sufficient findings of fact and reasons for its decision, this Court is constrained to follow the directive of our Supreme Court inRommel and remand this matter to the Board for the purpose of making such findings based on the evidence presented to it on October 4, 1989. Further, because the nature of the relief sought by plaintiffs was dimensional only, i.e., a deviation and not a special exception, the plaintiffs, in order to obtain relief, need only demonstrate an adverse impact amounting to more than a mere inconvenience. DeStefano, supra. The Board must apply this standard to the evidence as was presented and render its decision accordingly.
It is hereby ordered that the Board review the evidence previously presented at the hearing of October 4, 1989 for the purpose of applying the correct legal standard to the evidence as was presented at that hearing. The Board shall make its decision and grant relief only if it finds that the plaintiffs have demonstrated an adverse impact amounting to more than a mere inconvenience. It is further ordered that the Board make such findings of fact and give reasons to support its decision regarding plaintiffs request for relief. It is so ordered.