DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of Warwick (hereinafter referred to as Board). The plaintiffs, Harold Newton, Susan Cayer, and Kenneth Brown (hereinafter referred to as Plaintiffs), seek reversal of the Board's decision granting to Guiseppe and Eugenia Illiano a special use permit and dimensional variances to build a multi-family dwelling. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
FACTS/TRAVEL
The defendants, Guiseppe Illiano and Eugenia Illiano (hereinafter referred to as Defendants), are the owners of the subject property known as Lot 3 on Assessor's Plat 329, located at 2038 Warwick Avenue, Warwick, Rhode Island. The property is a corner lot and contains a total area of approximately 13,741.65 square feet, having frontage of 96.66 feet on Warwick Avenue and 145.26 feet on Bethel Street. An unoccupied and "uninhabitable" single family residential structure is located on the panel.
The parcel is presently zoned Office. The Defendants applied for relief under § 906.3 (c) of the Warwick City Zoning Ordinance (hereinafter referred to as Ordinance) to demolish the existing residential structure and replace it with a new, two and one-half story, brick, multi-family dwelling containing six one-bedroom units. Such structures are authorized by Special Use Permit. See § 300, Table 1. In addition, Defendants requested dimensional variances from the requirements as to side lot line, rear lot line, minimum lot area, density, parking line, design and landscaping.
The petition was duly advertised, abutters were given notice, and a public hearing was held before the Zoning Board of Review of the City of Warwick on June 20, 1995. At the public hearing, a recognized real estate expert, J. Clifden O'Reilly, Jr., and a recognized traffic engineer, Lawrence Smith, spoke in support of Defendants' application. In addition, the Defendants presented a petition signed by neighbors and abutting property owners, as well as individual letters from three neighbors, in support of the proposed multi-family dwelling.
In opposition to the petition, Plaintiffs presented the testimony of two neighbors. Essentially, the neighbors voiced their concerns regarding the depreciation in value of their own property and the increased traffic congestion which the proposed multi-family dwelling would bring to their neighborhood. In addition, Plaintiffs submitted the letters of three neighbors expressing similar objections. No expert testimony was presented on behalf of the objectors. Additionally, the Warwick City Planning Department recommended that the petition be denied.
In its October 17, 1995, decision the Board granted all relief requested in the petition. This decision, filed in the Zoning Office on November 9, 1995, set forth 17 findings of fact, based upon the Board's viewing of the site, upon the Board's own knowledge and expertise, and upon consideration of all of the testimony and evidence presented at the hearing. Essentially, the Board found that the proposed multi-family dwelling would not be injurious to the general health, safety or welfare of the surrounding area and that the Defendants would suffer hardship if the dimensional variances were not granted, and that "such hardship would amount to more than a mere inconvenience." (Corrective Decision at 4 and 6.)
The Plaintiffs filed the instant appeal. Specifically, Plaintiffs argue that the Board's decision was in contravention of governing law in that the incorrect standards were applied and that the Board did not properly take into consideration the evidence adduced during the hearing of the petition.
STANDARD OF REVIEW
The Superior Court reviews zoning board decisions pursuant to G.L. 1956 § 45-24-69 (D), which provides in pertinent part:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence" as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New England Naturist Ass'n.,Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town ofNarragansett v. International Association of Fire Fighters,AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977)).
SPECIAL USE PERMIT
The plaintiffs argue that the Board erred in granting the Special Use Permit because the ancillary dimensional variances requested transformed the otherwise permitted special use into one which is not authorized under the Ordinance. Plaintiffs contend, therefore, that a multi-family dwelling may be permitted by a special use exception only when it conforms exactly to the requirements as set forth in the Ordinance. Thus, Plaintiffs argue that when a special use is coupled with dimensional variances, it is no longer a special use; rather it is a "use variance." Plaintiffs concede that a multi-family dwelling may be allowed in a lot zoned Office through a Special Use Permit but contend that a multi-family dwelling which requires additional dimensional variances is one which is not permitted under the Ordinance.
The three types of relief from the requirements of zoning ordinances are as follows:
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance. A deviation is relief from restrictions governing a permitted use such as a lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements. An exception is relief expressly allowed by the applicable zoning ordinance that is similar in nature to a deviation in that it generally pertains to area and setback requirements of a permitted use." Bamber v. Zoning Bd. of Review of Foster, 591 A.2d 1220, 1222 (1991).
Our Supreme Court further explained that a deviation, or Viti variance, is one which "comes into play only when the project involves a permitted use." Northeastern Corporation, Inc. v.Zoning Board of Review of the Town of New Shoreham, 534 A.2d 603, 605 (1987). The grant of a special exception use is one which creates a "conditionally permitted use." Bernstein v. ZoningBoard of Review of East Providence, 99 R.I. 494, 497, 209 A.2d 378, 392 (1978). Consequently, "the Viti rule only applies where the relief sought is for a permitted use, never where the applicant seeks both a [Viti variance or] deviation and a special exception." Id. (citing Sun Oil Co. v. Zoning Bd. of Review,105 R.I. 231, 251 A.2d 167 (1960)).
In its "Corrective Decision" filed on November 9, 1995, the Board granted to Defendants a Special Use Permit to demolish an existing single family dwelling and build a multi-family dwelling on a parcel which is zoned "Office." Additionally, the Board granted the requested dimensional variances as to side lot line, rear lot line, minimum lot area, density, parking line, design and landscaping for the proposed, multi-family dwelling.
In applying for the Special Use Permit, the Defendants were required to demonstrate that "neither the proposed use nor its location on the site would have a detrimental effect upon public health, safety, welfare, and morals." Toohey v. Kilday,415 A.2d 732, 726 (R.I. 1980) (quoting Hester v. Timothy, 275 A.2d 637, 641-42 (1971), 108 R.I. 376, 385-86). In support of Defendants' application, Mr. O'Reilly testified that the proposed use would not alter the general character of the surrounding area or impair the intent or purpose of the Ordinance or the Comprehensive Plan of the City. (Tr. at 9.) In addition, Mr. Smith offered his opinion that the proposed use would not have an adverse impact on traffic, and in fact, would "generate much less" traffic than an office building. (Tr. at 10.) After reviewing the entire record, including the recommendation of the Warwick City Planning Department to deny the application, this Court finds there was substantial evidence for the Board to conclude that the Defendants had demonstrated that "neither the proposed use nor its location on the site would have a detrimental effect upon public health, safety, welfare, and morals." See Toohey v.Kilday, 415 A.2d 732, 726 (R.I. 1980).
The Defendants' application for a Special Use Permit also included a request for dimensional variances, however. As the multi-family dwelling is a specially permitted use, it is only conditionally permitted. Accordingly, the requested variances are "not available in a situation in which the use is granted by way of special exception." See Northeastern Corporation, Inc. v.Zoning Bd. of Review of New Shoreham, 534 A.2d 603, 605 (1987).
In reaching its decision, the Board was obligated to review the entire application before it. See Gardiner v. Board ofReview, 226 A.2d 698, 702 (1967). Pursuant to G.L. § 45-24-31
(8) and Warwick Zoning Ordinance § 200.14, the application includes "the completed form or forms and all accompanying documents, exhibits, and fees required of an applicant by an approving authority for development review, approval, or permitting purposes." See Warwick City Zoning Ordinance § 903.2 (for a delineation of the required accompanying forms). Together with the accompanying forms, the information on the application "tells the whole story; it gives the dimensions and area of the lot; it shows the size of the home and its precise location on the lot; and it shows the distances from the front and side-street lines as well as from the side and rear lot lines." See Gardiner v. Board of Review, 226 A.2d 698, 702 (1967). From this information, the Board should have denied the entire petition because a special exception permit may never be granted where the applicant also seeks dimensional variances. SeeNortheastern Corporation, Inc., 534 A.2d at 605 (1987).
After review of the entire record, this Court finds that the November 9, 1995, decision of the Board granting the application was in violation of statutory and ordinance provisions and was affected by error of law. Substantial rights of the Plaintiffs have been prejudiced. Accordingly, the November 9, 1995, decision of the Zoning Board of Review of the City of Warwick is hereby reversed.
Counsel shall submit the appropriate judgment for entry.