DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review of the City of Cranston ("Board"). Renaissance Development Corporation ("Renaissance") seeks reversal of the Board's decision of September 8, 1999 (Decision), denying their application for the inclusion of a drive-thru window at an existing restaurant. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
On June 30, 1999, the appellants filed an application requesting the inclusion of a drive-thru to an existing Burger King restaurant. The property in question is located at 35 Phenix Avenue, in the City of Cranston, and is designated as Assessor's Plat 12, Lots 217, 218, 219 and part of 322. The property, which contains 34,587 square feet, is situated in the city's "C-2" zoning district. The appellants proposed to attach a drive-up window to the already existing restaurant. In the C-2 zoning district, Drive-in uses subject to section 30-18(e) are prohibited. See Cranston Zoning Ordinance (Ordinance) § 30-8 410.20. The proposed change was submitted to the Planning Commission. The Planning Commission recommended that a drive-in use be denied based on the appellants' failure to meet the square footage requirements and the potential for traffic congestion. The Commission expressed concern over expanding the non-conforming drive-in uses in the area, which would create additional requests for drive-in uses of similarly zoned undersized properties in the immediate area, thus leading to increased traffic problems. The Board duly considered the Planning Commission's recommendation.
A hearing on the matter was held on September 8, 1999. During the hearings, the Board heard sworn testimony from several witnesses. One expert opined that if a drive-in use was denied with respect to the current application, it would lead to "the inability of the applicant to be competitive in the marketplace." (Tr. at 34).
At the September 8, 1999 hearing, the Board, with three members voting to approve and two members voting to deny, denied the appellants' application for a drive-thru. Although the Board articulated several grounds to approve the application, they denied the application after failing to reach a majority vote. In denying the application, the dissenting Board members found that the subject property was in a C-2 zone, which does not permit drive-in restaurants. The Board also determined that the application must be denied because the property, being 34,587 square feet, did not meet the minimum lot size requirement for a C-4 and C-5 zone, where drive-in uses are permitted and which require a minimum of 40,000 square feet. The Board further determined that the appellants' proposal would increase traffic and have a negative impact on the already congested Atwood/Phenix Avenue intersection.
On July 16, 1999, the appellants timely filed their appeal. On appeal, the appellants argue that the decision of the Board was in error because the dimensional relief they sought was proper and the need for same was supported by the record.
 Standard of Review
This Court's appellate jurisdiction of Zoning Board of Review decisions is pursuant to G.L. 1956 § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review. Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663
(R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." (Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion and to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase, 574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 Dimensional Variance
The appellants argue that the relief they sought was from the "additional performance standards" set forth in 30-18(e)(2). The appellants state that they sought a dimensional variance from these standards because the parcel of land on which the existing restaurant was located measured 34,587 square feet, and the code required 40,000 square feet. The defendant claims that the appellants sought the wrong relief, essentially that Renaissance should have sought a use variance. The defendants state that "[a]lthough the appellants may have clearly established a case for a dimensional variance that is not applicable in the instant matter because the applicants have been using the property for over two years in a use permitted [sic] and therefore the dimension restriction relative to a drive-in window are not applicable to this case." (Brief at 6.)
There are restrictions associated with a C-2 zoned area, in which the subject parcel of land is located. According to Cranston Zoning Regulations 30-8 410.20, Drive-in uses subject to section 30-18(e) are prohibited in a C-2 zoned area. Section 30-18(e) is the very same section from which appellants claim they sought relief. In response to the fact that drive-in uses are prohibited in a C-2, applicants simply contend that section 30-8 is silent with regard to restaurants with drive-in facilities because the code only pertains to "drive-in uses" and "restaurants." As such, appellants believe the Code does not apply to their current situation. In the alternative, Renaissance contends that once the use of [a] property has been determined, in this case as a restaurant, the provision of the Code purporting to regulate "drive-in uses" is no longer applicable, and it is the standards set forth in 30-18(e), et. seq., which require adherence to or the filing of an application for relief.
It is apparent from their argument, that plaintiffs acknowledge that 30-18(e) is applicable to their current situation. This Court in interpreting this ordinance "applies the same rules of construction that are applied to statutes." Town of North Kingstown v. Albert, 767 A.2d 659, 662 (R.I. 2001). (citing Mongony v. Bevilacqua, 432 A.2d 661, 663 (R.I. 1981)) The ordinance clearly provides that drive-in uses subject to 30-18(e) are prohibited in a C-2 zoned area. The code, therefore, is not silent with regard to drive-in uses.
Clearly the appellants, by their own admission, are subject to 30-18(e) and are subject to the restrictions regarding drive-thru uses. Appellants claim that they sought relief from the performance standards under § 30-18. Section 30-18, Specific Performance Standards, states in its preamble:
 "The following subsections delineate additional regulations which shall be adhered to for all applicable developments as defined in section 30-3. These performance standards apply to all developments specifically allowed or permitted by special use permit section 30-8. These performance standards apply as minimum criteria if the owner seeks a variance through the zoning board of review. Nothing articulated in this section shall restrict the zoning board from imposing conditions to those variance cases." (Emphasis added.)
More specifically, under 30-18(e)(2)(a), "Additional performance standards for drive-in uses, in addition to uses and intensity regulations of the zoning district in which located, all businesses that include a drive-in use shall be subject to the following additional performance standards:
 Lot Size. A restaurant including a drive-in use shall be located on a lot with a minimum area of forty thousand square feet. Other businesses including a drive-in use shall be located on lots with a minimum area of twenty thousand square feet. All buildings that include a drive-in use shall be freestanding and shall both be attached to any other building or portion thereof."
Not only are appellants prohibited under § 30-8 from utilizing a drive-in use in a C-2 zone but the appellants also fail to meet the minimum requirements under § 30-18, "Additional performance standards." According to the record, the parcel of land contains 34,587 square feet, which is 5,413 square feet short of the minimum requirement. Under the Cranston Zoning Ordinance, the minimum lot size in a C-4 and C-5, where drive-in uses are permitted, a minimum lot size of 40,000 square feet is required. Similarly, under § 30-18 the minimum requirement is 40,000 square feet. The Board found the appellants' failure to meet the minimum lot size as one of its reasons to deny appellants' application.
A dimensional variance merely allows a relaxation of one or more of the regulations under which a permitted use may be exercised, such as building height, setbacks, and parking regulations.
Roland F. Chase, Rhode Island Zoning Handbook (1993). A permitted use is a use permitted under a zoning ordinance as a matter of right, not by a use variance or special use permit. V.S.H. Realty, Inc. v. Zoning Bd. of East Greenwich, 120 R.I. 785, 390 A.2d 378 (1978). Dimensional relief is warranted when a petitioner is precluded from the full enjoyment of the use of his property for permitted purposes by an insistence upon a literal enforcement of area restrictions. Sun Oil Co. v. Zoning Bd. of Review of Warwick, 105 R.I. 231, 251 A.2d 167 (1969). Our Supreme Court recently held that a person seeking a dimensional variance must prove that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. See Sciacca v Caruso,769 A.2d 578 (R.I. 2001).
However, a dimensional or Viti variance ". . . only applies where the relief sought is for a permitted use, never where the applicant seeks both a deviation and a special exception, . . . ." V.S.H. Realty, Inc. v. Zoning Bd. of Review, 590 A.2d 378, 380 (R.I. 1978).
Assuming the appellants could seek dimensional relief from the performance standards, the appellants would be precluded from such relief because the use they seek is prohibited under the Cranston Zoning Regulations, specifically § 30-8. Furthermore, as noted, under § 30-18 performance standards, a minimum lot size of 40,000 square feet is required. Appellants fail to meet those minimum size requirements. In the instant matter, appellants sought a dimensional variance from a non-permitted use, namely the inclusion of a drive-thru in a C-2 zone. It is well-settled under Rhode Island case law that such relief is not available. "The Viti doctrine as it has developed in the case law in Rhode Island has applied exclusively to area restrictions on permitted uses." See generally; Bamber, 591 A.2d at 1223; Gara v. Zoning Board of Review of South Kingston, 523 A.2d 855, 858 (R.I. 1987); Rozes v. Smith,120 R.I. 515, 518, 388 A.2d 816, 819 (1978). A request for a dimensional variance does not apply to uses which are prohibited by the Zoning Ordinance. In order to gain relief from a prohibited use, a party must seek a `true' variance. See Sako v. Delsesto, 688 A.2d 1296 (R.I. 1997).
After a review of the entire record, the Court finds that the decision of the Board did not constitute an error of law and was supported by the reliable, probative, and substantial evidence of record. Substantial rights of the appellants have not been prejudiced. Accordingly, the decision of the Board is affirmed.
Counsel shall prepare the appropriate order.