DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Johnston (the "Board" or the "appellee") denying Mount Development Group, LLC and Integrity Investments, Inc.'s (individually known as "MDG" and "Integrity" respectively, and collectively known as the "appellants") petition for dimensional variances from the Zoning Ordinances of the Town of Johnston, Article III, § F, Tbl. F-1 — Zoning District Dimensional Regulations.
The appellants seek reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
Integrity was the owner of a 6,000 square foot legally pre-existing substandard lot of record located in an R-40 zoning district and known as Lot No. 30 on Assessor's Plat 63 (the "Property") in the Land Evidence Records of the Town of Johnston. MDG contracted to buy the Property from Integrity and planned to build a three-bedroom home on it.
The proposed development, however, did not comply with the literal front, rear, and right side setback requirement's of an R-40 zone. Thus, on October 25, 2001, the appellants petitioned the Board for dimensional relief from the literal front, rear, and right side setback requirements pursuant to the Zoning Ordinance of the Town of Johnston, Article III, § F, Tbl. F-1.
On November 29, 2001, the Board held a public hearing with respect to the appellants' petition for dimensional relief. At the hearing, MDG proffered as experts Francis J. McCabe ("McCabe") and George Caldow ("Caldow"). McCabe was accepted by the Board as an expert in the field of "real estate, evaluations, and real estate brokerage." Tr. at 6. Caldow was accepted by the Board as an expert in the field of "land use and planning." Tr. at 13. Both experts opined that the proposed development would not negatively impact the surrounding area and would be in conformance with the general character of the surrounding community. Seegenerally, Id.
On April 11, 2002, the Board issued a written decision denying the appellants petition. On April 29, 2002, the appellants timely filed the instant appeal.
 STANDARD OF REVIEW
Aggrieved parties may appeal a decision of the Board to this Court pursuant to G.L. 1956 § 45-24-69. This section provides that the Court's review of the decision:
 "(c) The review shall be conducted . . . without a jury. The court shall consider the record of the hearing before the zoning board of review . . . .
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, or;
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 § 45-24-69.
Essentially, the reviewing court gives deference to the decision of the zoning board, the members of which are presumed to have special knowledge of the rules related to the administration of zoning ordinances, and the decision of which must be supported by legally competent evidence.Monforte v. Zoning Bd. of Review of East Providence, 93 R.I. 447, 449,176 A.2d 726, 728 (1962); see, Rhode Island Temps, Inc. v. Department ofLabor and Training, 749 A.2d 1121, 1125 (R.I. 2000) (defining competent evidence as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance.") This deference, however, must not rise to the level of "blind allegiance." Citizens Savings Bank v.Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). The court conducts a denovo review of questions of law; thus, the Court may remand the case for further proceedings or potentially vacate the decision of the zoning board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." Von Bernuth v. Zoning Bd. ofReview, 770 A.2d 396, 399 (R.I. 2001); G.L. 1956 § 45-24-69(d)(5).
 THE APPLICATION FOR DIMENSIONAL RELIEF
Under traditional zoning principles, it is well accepted that applicants for a dimensional variance must demonstrate that their land is so uniquely affected that they experience an unnecessary hardship. E.C. Yokley, Zoning Law and Practice § 21-6 (4th ed. 1979). Furthermore, at the time of the hearing, the Rhode Island Zoning Enabling Act provided that the petitioner seeking relief from zoning restrictions bears the burdens of production and persuasion as to why such relief is warranted.SNET Cellular, Inc. v. Angell, 99 F. Supp.2d 190 (D.R.I. 2000) (under Rhode Island law, the petitioner bears the burden of demonstrating that a variance should be granted). Thus, when applying for dimensional variances pursuant to G.L. 1956 § 45-24-41, the petitioner needed to demonstrate to the zoning board:
 (c)(1) [t]hat the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant . . . .
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
 ***
 (d)(2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience, which means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief. G.L. 1956 § 45-24-41.
Recently, the Rhode Island Supreme Court has indicated that G.L. 1956 § 45-24-41 requires that petitioners for dimensional variances must demonstrate that "no other reasonable alternative" exists for the enjoyment of a property's legally permitted use. Sciacca v. Caruso,769 A.2d 578, 583 (R.I. 2001).[1] Thus, a dimensional variance is "warranted when a petitioner is precluded from the full enjoyment of the use of his property for permitted purposes by an insistence upon a literal enforcement of area restrictions." Sun Oil Co. v. Zoning Bd. ofReview of the City of Warwick, 105 R.I. 231, 234, 251 A.2d 167, 169 (1969). For dimensional relief, an applicant must satisfy G.L. 1956 § 45-24-41(c) and (d), the first element of which is §45-24-41(c)(1).
Applicability of G.L. 1956 § 45-24-41(c)(1)
The appellants' burden pursuant to G.L. 1956 § 45-24-41(c)(1) was to demonstrate that the hardship from which relief was sought was due to the unique characteristics of the subject structure or lot and not to a physical or economic disability attributable to them. The appellants argue that because the Property is a pre-existing substandard lot of record the hardships created by the R-40 zone's increases in setbacks, frontage, and percent lot coverage were of the town's making and not the appellants. Accordingly, the appellants argue that the hardships from which relief was sought were due to the unique characteristics of the subject lot.
In the present case, the record reflects that the Board had before it probative evidence that the unique characteristics of the Property created a hardship with respect to the appellants' proposed use thereof. Specifically, McCabe opined that because the Property was so small with respect to the requirements of the R-40 zone that a "denial of the petition would amount to a confiscation of the lot. The only thing you can do with this land is build a house on it." Tr. at 10. The record also indicates that the Board did not have before it any probative countervailing evidence on this point. Accordingly, the Board's finding that the hardship complained of was "not due to the unique characteristics of the subject land or structure," but was instead due to the "general characteristics of the surrounding area," was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. Decision of April 11, 2002 at 1.
Applicability of G.L. 1956 § 45-24-41(c)(2)
The appellants' burden pursuant to G.L. 1956 § 45-24-41(c)(2) was to demonstrate that the hardship complained of was not the result of any prior act on the applicant's part and the relief sought was not motivated primarily from the applicant's desire to realize greater financial gain. The appellants argue that they sought the requested relief not to realize greater financial gain, but rather to enjoy a legally permitted, beneficial use; specifically, the appellants sought to construct a residential home on the Property.
In the case at bar, the record reflects that the Board had before it probative evidence that the appellants sought to construct a modest home on the Property and had scaled back the proposed design in some areas to accommodate abutting landowners' concerns. With respect to the modest nature of the proposed development, McCabe opined that "they're putting [in] a modest home. There are many homes more valuable,some maybe smaller. [The Property] is not as valuable [as others in the area]. Tr.
at 11. With respect to the appellants' desire to scale back some aspects of their proposed development designs in order to accommodate abutting landowners, the Board heard testimony from one of the appellants who testified that "we reduced the house to come in conformance with the neighborhood. We'll be more than happy if they want us to reduce it. We don't want to get too small [though]." Id. at 26. The record also indicates that the Board did not have before it any probative countervailing evidence with respect to these points. Accordingly, the Board's finding that the hardship complained of was the result of a prior action of the appellants and resulted primarily from their desire to realize greater financial gain was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record.
Applicability of G.L. 1956 § 45-24-41(c)(3)
The appellants' burden pursuant to G.L. 1956 § 45-24-41(c)(3) was to demonstrate that the granting of the requested variance would not alter the general character of the surrounding neighborhood and would not impair the intent or purpose of the local zoning ordinance or the Town's comprehensive plan. The appellants argue that because there is no evidence that the proposed use of the Property either departs from the essential character of the surrounding area, or will alter the essential character of the area in a way that will be inimical to the public health, safety and welfare, the proposed development would not contravene the requirements of G.L. 1956 § 45-24-41(c)(3).
In the instant matter, the record reflects that the Board had before it probative evidence that the proposed development conformed with the intent of the Town's comprehensive plan. Specifically, Caldow testified that "the [comprehensive] plan does not indicate any constraints to the development on this particular site . . . and also, in terms of affordable housing, a small, modest home [would be highly desirable] for this town. I didn't find any conflict with the comprehensive plan [with respect to the appellants' application]. . . ." Tr. at 15. The record also indicates that the Board did not have before it any probative countervailing evidence with respect to these points. Accordingly, the Board's finding that the granting of the requested relief would alter the general character of the surrounding area and would impair the intent of the applicable zoning ordinances and the Town's comprehensive plan was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record.
Applicability of G.L. 1956 § 45-24-41(c)(4)
The appellants' burden pursuant to G.L. 1956 § 45-24-41(c)(4) was to demonstrate that the requested relief was the least relief necessary. The appellants argue that the requested relief was the bare minimum necessary to remove the hardship.
In the present matter, the record indicates that the Board had before it probative evidence that the requested relief constituted the least relief necessary. Specifically, when asked, McCabe opined that "[the appellants are] putting in a modest home. There are many more [valuable homes than the appellants' proposed design]." The record also reflects that the Board did not have before it any probative countervailing evidence with respect to this point. Accordingly, the Board's decision that the requested relief would not constitute the least relief necessary was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record.
Applicability of G.L. 1956 § 45-24-41(d)(2)
The appellants' burden pursuant to G.L. 1956 § 45-24-41(d)(2) was to demonstrate that the hardship from which relief was sought amounted to more than a mere inconvenience, which meant that there was no other reasonable alternative than to seek the requested relief. The appellants first argue that due to the recent re-codification of G.L. 1956 §45-24-41(d)(2) the applicable threshold required by applicants for a dimensional variance was that the hardship suffered constituted more than a mere inconvenience. The appellants next argue that even if the heightened burden of the "no reasonable alternative" standard, which replaced the "more than a mere inconvenience" standard in the 1991 Zoning Enabling Act, applied to the November 29, 2001 hearing, the appellants successfully met this higher burden because the literal enforcement of the R-40 zoning restrictions deprived them of all the beneficial use of the Property.
With respect to the appellants' contention that the recent re-codification of G.L. 1956 § 45-24-41(d)(2) was applicable to their petition as of November 11, 2001, this Court notes that the re-codified statute does not have such retroactive effect. At the time of the November 11, 2001 hearing the applicable standard that the appellants must have met with respect to their request for dimensional relief was the heightened "no reasonable alternative" burden. In the present matter, the Board had before it probative evidence that the literal enforcement of the R-40 zoning restrictions would deprive the appellants of all the beneficial use of the Property. For example, when asked whether, under the existing R-40 zoning restrictions, it would be possible for the proposed construction to "meet the side setbacks or any setbacks . . . ," Caldow replied "I would say it is impossible. In order to do that you would have to build a sliver of a house that nobody could live in." Tr. at 17. Thus, it was Caldow's considered expert opinion that "if the variance isn't granted, then there is no reasonable use of the property." Id. The record also indicates that the Board did not have before it any probative countervailing evidence with respect to these points. Accordingly, the Board's findings that the "petitioner has failed to show that the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the Johnston Zoning Ordinance" and that "the hardship complained of by the petitioner did not "[amount] to more than a mere inconvenience," Decision of April 11, 2002
at 2, were clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record.
 THE ADEQUACY OF THE BOARD'S DECISION
The appellants argue that the Board's decision was clearly erroneous. Specifically, the appellants contend that in its April 11, 2002 written decision, the Board failed to make sufficient findings of fact capable of supporting its decision denying the requested relief. Further, the Board did not conduct a vote with respect to the application on the record.See generally, Appellants' Brief.
It is well settled that a zoning board of review must make adequate findings of fact so that a court may properly review that board's decision for error. Irish Partnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986). A zoning Board's findings:
 "must be factual rather than conclusional, and the application of the legal principles must be `something more than the recital of a litany. . . .' All this must be spread upon the record; the board of review is obligated to inform the . . . reviewing court of the nature and character of the evidence upon which it decided the issues involved in the case . . . . If these requirements are not met, the `decision' of the board is a nullity and cannot form the basis for judicial review either by the Superior or Supreme Court. Furthermore, the board must make clear on the record what evidence it relied on and how it resolved the conflicts and reached its conclusion." Roland F. Chase, Rhode Island Zoning Handbook § 95 at 107 (1997).
Thus, where the certified record, the findings, and/or the decision of a zoning board fail to meet these basic standards, resulting in a "genuine defect in the proceedings in the first instance," a reviewing court may reverse the board's decision if it is "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record." G.L. 1956 § 45-24-69. Furthermore, G.L. 1956 § 45-24-61(a) provides in pertinent part that a zoning board of review must:
 "keep written minutes of its proceedings, showing the vote of each member upon each question, or, if absent or failing to vote, indicating that fact, and shall keep records of its examinations, findings of fact, and other official actions, all of which shall be recorded and filed in the office of the zoning board of review in an expeditious manner upon completion of the proceeding." G.L. 1956 § 45-24-61(a).
Similarly, the Zoning Ordinance of the Town of Johnston, § H(1) — Decisions and Records of the Johnston Zoning Board of Review
provides in pertinent part that the Board shall "include in its decision all findings of fact and conditions, showing the vote of each member participating thereon, and the absence of a member or his or her failure to vote." Zoning Ordinance of the Town of Johnston, § H(1).
In the case at bar, the record indicates that the Board was presented with the expert testimony of two real estate experts, both of whom testified that the proposed site plan would not adversely affect the surrounding area and would conform with the neighborhood's general characteristics. See generally, Tr. of November 29, 2001. The record also reflects that the only other testimony before the Board were the non-probative lay testimonials of several abutting landowners and a town councilman. Id. Finally, the record demonstrates that the Board did not profess any special familiarity with respect to the subject property or the surrounding area with which it might have offered probative evidence. Id. Since there was no probative evidence of record upon which the Board could have based its denial of the appellants' petition, and since the Board's written decision merely recited the prongs of G.L. 1956 § 45-24-41, this Court can only speculate as to why the Board denied the appellants' petition. Accordingly, the record reflects that the Board's decision to deny the appellants' requested relief was arbitrary and in violation of statutory authority and ordinance provisions. Furthermore, since the Board's decision lacked any probative support on the record, this Court need not consider whether the Board conducted a proper vote with respect to the appellants' petition for dimensional relief.
 CONCLUSION
The Board's conclusion that the appellants' petition did not satisfy any of the elements necessary for dimensional relief pursuant to G.L. 1956 § 45-24-41 and that the requested relief would "create a condition that [would] be inimical to the public health, safety, morals and general welfare of the community" is not supported by the substantial evidence of record. At the hearing, the Board did not hear any probative evidence to contradict the probative evidence which supported the appellants' petition. Additionally, in its written decision, the Board did not reference any probative evidence upon which it could have based its findings, rendering said decision "conclusional" and "its application of the legal principals . . . the recital of a litany." See Sciacca
(citation omitted). After reviewing the entire record, this Court finds that the Board's decision was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, was arbitrary, and constituted an abuse of discretion. Accordingly, this Court reverses the April 11, 2002 decision of the Board.
Counsel for appellants shall submit the appropriate judgment for entry.
[1] At the time of the hearing, the applicable zoning provision, G.L. 1956 § 45-24-41 required that the applicant demonstrate that "no other reasonable alternative" exists for the enjoyment of a legally permitted use before a variance is properly issued. On June 28, 2002, however, the General Assembly repealed that portion of the Enabling Act so that applicants for dimensional relief need only demonstrate that the hardship complained of amounts to "more than a mere inconvenience" — otherwise known as the "Viti Standard." Thus, the higher standard required of variance applicants in Sciacca has been superseded by the June 28, 2002 legislative act.